**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10103 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00278-DAD-BAM-1 |
| v. | |
| ABEL MARTIN CARREON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Abel Martin Carreon appeals from the district court's judgment revoking his supervised release and imposing a one-month sentence and 35-month term of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carreon first contends that there was insufficient evidence to establish that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his failure to make restitution payments was willful.  In evaluating a challenge to the sufficiency of the evidence supporting a supervised release revocation, we view the evidence in the light most favorable to the government and ask whether "any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotations omitted).  The evidence presented at the revocation hearing, including testimony from Carreon's probation officers, was sufficient to support the district court's finding that Carreon's actions were willful.  Accordingly, the district court did not abuse its discretion by revoking supervised release.  *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).

Carreon also contends that his sentence is substantively unreasonable because he was otherwise compliant with the terms of his supervision and his violation was allegedly minor.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence and supervised release term are substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Carreon's breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

We do not consider arguments raised for the first time in the reply brief.  *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

**AFFIRMED.**

20-10103